
USCA1 Opinion

	




      [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

                 United States Court of Appeals
                     For the First Circuit
                                
                                



No. 97-1990

                    UNITED STATES OF AMERICA,

                            Appellee,

                                v.

                      JAIRO NAGUPE-PALACIO,

                            Appellant.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF PUERTO RICO

          [Hon. Jose Antonio Fuste, U.S. District Judge]



                              Before

                       Selya, Circuit Judge,
                Campbell, Senior Circuit Judge,
                   and Lynch, Circuit Judge.
                                
                                


     Jorge L. Arroyo-Alejandro on brief for appellant.
     Guillermo Gil, United States Attorney, Warren Vazquez and
Nelson J. Perez-Sosa, Assistant United States Attorneys, on brief
for appellee.





June 11, 1998



                                
                                
            Per Curiam.  Jairo Nagupe-Palacio appeals from his
    sentence imposed following his guilty plea to conspiring to
    import more than 1,000 kilograms of marihuana into the United
    States from Colombia.  Appellant challenges the district
    court's two-level increase in his base offense level pursuant
    to U.S.S.G.  2D1.1(b)(2)(B).  Specifically, appellant argues
    that the record does not contain sufficient support for the
    district court's finding that he acted as "captain" of the boat
    used to import the marihuana.
              This court "review[s] the sentencing court's . . .
    factual conclusions, which must be supported by a preponderance
    of the evidence, for clear error."  United States v. Grant, 114
    F.3d 323, 328 (1st Cir. 1997).  "Fed.R.Crim.P. 32 allows the
    [sentencing] court to adopt the facts set forth in the
    presentence report '[e]xcept for any unresolved objection'
    noted in the addendum submitted by the probation officer as
    required by the rule."  United States v. Van, 87 F.3d 1, 3 (1st
    Cir. 1996).  Appellant concedes that he failed to object to the
    PSR's description of the offense conduct, including its
    characterization of him as "captain" of the vessel. 
              As the district court adopted the factual findings of
    the PSR, this court reviews the district court's findings in
    light of the facts contained in the PSR.  See Grant, 114 F.3d
    at 328.  According to the PSR, Nagupe stated in an interview
    with a probation officer that he had agreed to captain the boat
    because he was unemployed and needed the money.  He admitted
    that he had captained the boat and that the other crew members
    had assisted him.  This information in the PSR, to which no
    objection was made, was sufficient to support the sentencing
    court's finding that appellant acted as the captain of the
    boat.
              Appellant's argument that the record lacked
    sufficient information about the types of skills required to
    captain the particular vessel, is misplaced.  See United Statesv. Guerrero, 114 F.3d 332, 346 (1st Cir. 1997) (rejecting
    defendant's argument that he was not a "pilot" under 
    2D1.1(b)(2)(B) because he lacked special navigational skills). 
    An increase is warranted under  2D1.1(b)(2)(B) upon a finding
    that the defendant "acted as . . . a captain . . . aboard any
    . . . vessel carrying a controlled substance."  No specific
    finding that special skills were needed or employed is
    required. Compare U.S.S.G.  3B1.3 (providing for role-in-the-
    offense adjustment where defendant "used a special skill").
              Appellant's sentence is affirmed.  See Loc. R. 27.1.

